United States District Court
Southern District of Texas
**ENTERED**
September 02, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN CARVAJAL, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-286 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTION TO REMAND

Plaintiffs Juan and Margaret Carvajal filed this action in state court against Defendants Allstate Texas Lloyd's (Allstate) and its adjuster, David Evans (Evans), for failure to properly assess and pay insurance proceeds under a policy covering property damage suffered in a hailstorm. On July 11, 2016, Allstate removed the action to this Court on the basis of diversity jurisdiction, 28 U.S.C. § 1332, alleging that non-diverse Evans was improperly joined, that Plaintiffs and Allstate are diverse, and that the required amount in controversy is satisfied.

On August 10, 2016, Plaintiffs timely filed their motion to remand (D.E. 6). Plaintiffs do not dispute the requisite amount in controversy or the diversity between them and Allstate. And there is no question that Evans is non-diverse. Plaintiffs' argument, supported by proper legal authority, is that their claim against Evans is cognizable, contrary to Allstate's representations. For the reasons set out below, the Court GRANTS the motion and remands this action.

Allstate admits that an insurance adjuster can be held liable pursuant to the types of claims Plaintiffs asserted in this case. Its improper joinder argument is based not on a lack of a cause of action but on the factual pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The Fifth Circuit recently clarified the confusion regarding the standard for reviewing the pleadings, declaring that the courts are to apply a Rule 12(b)(6) analysis using the federal—not state—pleading standards in an improper joinder/removal dispute. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200-08 (5th Cir. 2016) (*IEVM*).[1]

Allstate, quoting Plaintiffs' representations in its motion to remand, contends that the factual representations are insufficient to support a finding that Plaintiffs' claims are plausible—as opposed to speculative—in this particular instance. D.E. 7, p. 5. But the question identified in *IEVM* is not whether the facts stated in Plaintiffs' **motion** are adequate but whether the facts stated in their **pleading** are adequate. *Id*. at 208. Thus the Court looks at Plaintiffs' state court petition (D.E. 6-1) to determine whether it alleges sufficient facts to make their claims plausible under federal standards. In so doing, the Court focuses on joinder, not on the merits of the claims. *Id*. at 209-10 (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

According to Plaintiffs, who reference Evans' estimate of their property damage repairs, Evans

---

[1] The court may also pierce the pleadings and conduct a summary inquiry. *Id*. at 207. But that is an alternative review that the court may, in its discretion, apply instead of the Rule 12(b)(6) review.

> severely undervalued the damage to the roof, fascia, siding, screens, columns, and shutters. Furthermore, Evans omitted damage to the garage door, fence, shed and pergolas. Evans failed to include overhead and profit in the calculated total of his estimate.

D.E. 6-1, p. 5. The pleading goes on to allege that Evans provided the estimate to Allstate knowing that Allstate would rely on it and Allstate did, in fact, rely on it in trying to settle the claim with Plaintiffs. Additionally, Plaintiffs allege that Evans engaged in misrepresentations regarding whether their damages were covered by Allstate's policy. *Id.*, p. 7. Allstate has provided no reason to view these factual allegations as insufficient. The Court finds that they provide a plausible basis to support some of the legal theories alleged against Evans regarding violations of the Texas Insurance Code. Consequently, the joinder of Evans is not improper.

For these reasons, the Court GRANTS the motion to remand (D.E. 6) and remands this action to the 79th Judicial District Court, Jim Wells County, Texas, the court from which it was removed.[2]

ORDERED this 1st day of September, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

---

[2] The case was originally filed in the County Court at Law of Jim Wells County and was transferred to the 79th Judicial District Court. D.E. 1-2.